# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| BRENT H. GAFFNEY, | ) |
| Plaintiff, | ) 3:11-cv-00216 JWS |
| vs. | ) ORDER AND OPINION |
| DR. HENRY LUBAN et al., | ) [Re: Motion at docket 23] |
| Defendants. | ) |

## I. MOTION PRESENTED

At docket 23, defendants Henry Luban ("Luban"), Bruce Busby ("Busby"), and Iris Beach ("Beach") move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim. Because the motion is supported by affidavits and other materials outside the pleadings, the court must treat the motion "as one for summary judgment under Rule 56."[1] Plaintiff Brent H. Gaffney, who was incarcerated, was granted approximately three additional months to respond.[2] At

---

[1] Fed. R. Civ. P. 12(d).

[2] Doc. 35.

-1-

docket 48, plaintiff filed a motion to allow the case to proceed which the court construes as a response to defendants' motion for summary judgment. Defendants filed a response to plaintiff's motion, which the court construes as a reply in support of their motion for summary judgment, at docket 51. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Plaintiff was incarcerated at the Lemon Creek Correctional Center from May 7, 2011 through May 13, 2011. During that time, plaintiff alleges that he was denied medical treatment and medication. Plaintiff also alleges the Lemon Creek Correctional Center does not make accommodations for disabled persons.

Plaintiff was incarcerated at the Anchorage Correctional Complex from May 13, 2011 through September 21, 2011. Plaintiff maintains that during that period he was denied medication for a back injury, post-traumatic stress disorder, traumatic brain injuries, disassociation disorder, depression, and insomnia.

Plaintiff filed suit against Luban, a doctor at the Anchorage Correctional Complex, Busby, the assistant superintendent at the Lemon Creek Correctional Center, and Beach, a nurse at the Lemon Creek Correctional Center. Plaintiff has asserted four claims. Two are asserted pursuant to 42 U.S.C. § 1983, based on alleged violations of the Eighth Amendment stemming from the denial of medical care discussed above.

## III. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

---

[3]Fed. R. Civ. P. 56(a).

judgment."[4]  Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]  In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.[6]  The reviewing court may not weigh evidence or assess the credibility of witnesses.[7]  The burden of persuasion is on the moving party.[8]

## IV.  DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") contains an exhaustion provision which states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted."[9]  Under that provision, a prisoner must "exhaust any available [administrative remedies] . . . even where the relief sought–monetary damages–cannot be granted by the administrative process."[10]

Defendants argue that plaintiff has failed to exhaust his administrative remedies. Defendants note that plaintiff did not file any grievances while incarcerated at Lemon Creek Correctional Center and only one grievance while incarcerated at the Anchorage Correctional Complex.  Although plaintiff's grievance was based on a refusal to prescribe him Clonazepam and Ambien to treat his traumatic brain injuries and

---

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5] *Id.*

[6] *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[7] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[9] 42 U.S.C. § 1997e(a).

[10] *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal quotation omitted).

insomnia,[11] the grievance did not involve treatment by Luban, but rather by a psychiatrist, Dwight Stallman ("Stallman").

Plaintiff responds that he did adequately exhaust available administrative remedies, but that he is unable to produce documentation. Plaintiff maintains that there are several witnesses who would testify that they helped him with his grievances, but he is unable to identify or contact them. Plaintiff produced what purports to be an affidavit from another prisoner at the Anchorage Correctional Complex, Michael Everett. In it, Everett states that he helped plaintiff with four grievances. The affidavit, though signed, was not notarized and is composed in the same typeface and with all capital letters similar to most of plaintiff's filings. Plaintiff also maintains that he requested that his grievances be logged.

Defendants have presented the affidavit of Debbie Miller, superintendent of the Anchorage Correctional Complex, who states that there is no record of plaintiff requesting that his grievances be logged.[12] Defendants have also produced the affidavit of Sergeant Suluia Augafa ("Augafa"), a compliance sergeant at the Anchorage Correctional Complex. Augafa states that plaintiff submitted numerous medical grievances during his most recent period of incarceration, which was from March 2012 until July 2012.[13] He states that none of them pertained to Luban, Busby, or Beach. Most importantly, Augafa states that the only medical grievance that plaintiff filed in 2011 was the grievance pertaining to Stallman.[14] Defendants have produced the

---

[11] *See* doc. 23-1 at 1.

[12] Doc. 51-1 at 2.

[13] Doc. 51-2 at 1–2.

[14] Doc. 24 at 2.

affidavit of Robert Corcoran which states that plaintiff did not file any grievances while at the Lemon Creek Correctional Center.[15]

Based on the evidence before the court, no reasonable jury could conclude that plaintiff filed a grievance pertaining to the defendants to this action. As defendants point out, even if the grievance regarding Stallman's treatment of plaintiff were sufficient, Stallman and Luban's difference in medical opinion is insufficient to establish deliberate indifference.[16] Because plaintiff failed to exhaust the administrative remedies available to him, defendants are entitled to summary judgment on the claims against them.

### V. CONCLUSION

For the reasons above, defendants motion at docket 23, construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is **GRANTED**. The Clerk shall please enter judgment for defendants on the claims against them. Because plaintiff has not identified a defendant as to his remaining claims, those claims are **DISMISSED**.

DATED this 22nd day of August 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[15] Doc. 25 at 1–2.

[16] *Toguchi v. Chung*, 391 F.3d 1051, 1059–60 (9th Cir. 2004) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).