# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

Brent H. Gaffney,

    Plaintiff,

vs.

Dr. Henry Luban, et al

    Defendants.

3:11-cv-216 JWS

ORDER AND OPINION

[Re: Motion at docket 72]

## I. MOTION PRESENTED

At docket 72, defendant Garry McCray who was mis-identified in this case as Lt. "John" McCray (hereinafter "McCray") moves for summary judgment. McCray's motion is supported by affidavits and other exhibits filed with the motion at docket 72 together with a memorandum filed at docket 73. Plaintiff Brent H. Gaffney (hereinafter "Gaffney") responds at docket 85. McCray replies at docket 86. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

On May 3, 2011, Gaffney was arrested in Sitka on a felony warrant issued in Anchorage in Alaska Superior Court case 3AN-11-0488CR. Gaffney filed the pending litigation while he was incarcerated, but was released from custody sometime prior to

July 16, 2012, when he filed a notice of change of address following his release. He has maintained a residence in Anchorage ever since and has been permitted to participate in the court's electronic filing system.

The principal thrust of Gaffney's lawsuit is directed at defendants other than McCray. However, in his second amended complaint, Gaffney included a claim against McCray in his Third Cause of Action. Although that claim does not specifically cite the Americans with Disabilities Act, it is clear that the claim is predicated on a violation of that statute, for as McCray put it, "The Correctional Officers were great in trying to accommodate the plaintiff in supporting him; this cause of action is about the building's design and the facilities supervisor who was the on duty lieutenant, Lieutenant "John" McCray, and not the correctional officers."[1] Gaffney complains specifically that the facility in Sitka where he was initially incarcerated "lacks a ramp into the backdoor for persons with disabilities," that it had "no shower facilities for persons with disabilities and there was no time given by the order of [McCray]," and his "support device [a cane] was taken by order of [McCray]."[2]

### III. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of

---

[1] Second Amended Complaint, doc. 15 at p. 4.

[2] *Id*.

showing that there is no genuine dispute as to material fact.[3]  The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[4]  Once the moving party has met this burden, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[5]  All evidence presented by the non-movant must be believed for purposes of summary judgment and all justifiable inferences must be drawn in favor of the non-movant.[6]  However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[7]

## IV. DISCUSSION

McCray's motion for summary judgment is founded on the proposition that McCray cannot present evidence sufficient to make out a prima facie case against McCray.  He supports this argument with an accurate discourse on the relevant legal principles and affidavits which if not rebutted show that Gaffney's claims against McCray lack merit.  In his response, Gaffney utterly fails to address the proposition that he cannot produce evidence sufficient to make out a prima facie case against McCray.  Instead, his response sets out a lengthy discussion of the Prison Litigation Reform Act

---

[3]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

[4]*Celotex*, 477 U.S. at 323-325.

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-9, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

[6]*Anderson*, 477 U.S. at 255.

[7]*Id.*, 477 U.S. at 248-9.

of 1995 and principles of equitable estoppel, neither of which are implicated in McCray's motion papers. Based on its own review of McCray's motion papers and in light of Gaffney's failure to address the merits of McCray's motion, this court finds that the motion at docket 72 has merit. There are no material facts in dispute. Defendant McCray is entitled to summary judgment.

### IV. CONCLUSION AND DIRECTION FOR ENTRY OF JUDGMENT

For the reasons above, McCray's motion for summary judgment at docket 72 is GRANTED. Furthermore, because Gaffney's other claims are unrelated to the actions and the facility in Sitka, there is no just reason to delay entry of judgment in favor of McCray. Accordingly, pursuant to this finding and Rule 54(b) the Clerk of Court is directed to enter a final judgment that Gaffney take nothing from McCray.

DATED this 21st day of June 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE